# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **Rogelio Cruz, Jr.,** *Plaintiff* | § § § § | |
| **v.** | § § § | **Case No. 1:26-cv-00304-DAE-SH** |
| **United States District Court for the Western District of Texas**, *et al.*, *Defendants* | § § § | |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE DAVID A. EZRA**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Rogelio Cruz Jr.'s Complaint (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed February 4, 2026.[1]

### I.    Background

Plaintiff, proceeding *pro se*, brings this lawsuit against the United States District Courts for the Western District of Texas, Southern District of New York, District of Columbia, Eastern District of Virginia, and Northern District of California. He seeks a declaratory judgment under 28 U.S.C. § 2291 that "the Defendants' aggregated procedural conduct constitutes a constructive denial of access to the courts." Dkt. 1 ¶ 38. Plaintiff lives in Austin, Texas. *Id.* at 8. This is the fourth case he has filed in the United States District Court for the Northern District of New York transferred for improper venue. Text Order entered February 9, 2026.

---

[1] The District Court referred this case to this Magistrate Judge for disposition of the application to proceed *in forma pauperis* and a recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge David A. Ezra. Dkt. 8.

This is also Plaintiff's fifth case pending before this Court. The others are:

1. *Cruz v. Western Dist. of Tex.*, No. 1:26-cv-00437-RP (W.D. Tex. Feb. 23, 2026) ("*Western Dist.*");

2. *Cruz v. U.S. Dept. of Agric.*, No. 1:26-cv-00188-DAE-DH (W.D. Tex. Jan. 20, 2026);

3. *Cruz v. Williamson Cnty.*, No. 1:26-cv-00189-RP-ML (W.D. Tex. Jan. 15, 2026); and

4. *Cruz v. Williamson Cnty.*, 1:25-cv-01377-RP (W.D. Tex. Sept. 4, 2025).

In addition, Plaintiff has filed lawsuits in the District of Columbia, Northern District of New York, Southern District of New York, and Northern District of California. *See Western Dist.*, Dkt. 1.

## II.    *In Forma Pauperis* **Status**

Plaintiff seeks leave under 28 U.S.C. § 1915(a)(1) to file his Complaint without prepaying the filing fee or costs. Dkt. 2. Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if he shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing Plaintiff's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** his application to proceed *in forma pauperis*. Plaintiff is advised that *in forma pauperis* status is granted subject to a later determination that this action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff also is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III.    Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if the court concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff sues five United States District Courts. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The plaintiff bears the burden of showing Congress' unequivocal waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). Because Plaintiff does not identify any waiver of immunity, this Court lacks jurisdiction and his case must be dismissed as frivolous.

### IV.    Order

The Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2). Because the Court finds that his Complaint should be dismissed under Section 1915(e)(2), service is not ordered at this time.

### V.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2) and **WARN** him that he may be subject to sanctions, including monetary sanctions and a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims.

The Court **ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

3

## VI.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 20, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4